Now we're ready to begin with the first case on our docket, Agenda No. 1, No. 131564, People of the State of Illinois v. Jeffrey Seymour. Counsel for the Appellant, are you prepared to proceed? Good morning, Your Honors, Counsel, and may it please the Court, I'm Assistant Attorney General Lauren Schneider representing the People of the State of Illinois. This appeal raises two issues. First, the Appellate Court's jurisdiction to review an order imposing a pretrial jail sanction on a defendant who has committed a violation of pretrial release conditions. And second, the application of good conduct credit to reduce the term of that jail sanction. I'll briefly address the first issue before focusing on the second. In terms of jurisdiction, we disagree with the Appellate Court's reasoning and conclusion for the basis for its jurisdiction because this Court's Rule 604H1 does not confer jurisdiction to review a pretrial sanction order. That's because a pretrial jail sanction is not an order that revokes pretrial release, nor is it an order that modifies conditions of pretrial release, nor is it an order denying pretrial release. Instead, the parties here agree that the Appellate Court had jurisdiction to review the jail sanction order as a final judgment that is appealable under Article 6, Section 6 of the Illinois Constitution because the jail sanction order was the final determination of a collateral matter which was distinct from the underlying prosecution. So, just so that we're clear here, there's an issue here about what the Appellate Court can hear and can't hear. There's some dispute about that all along the way, but at this point here, both sides agree that this is a final order. The Constitution gives jurisdiction to the Appellate Court to hear cases, appeals from final orders, and so we don't need to deal with any of those issues. Is that right? That's correct, Your Honor. We do agree, and this Court, we hope you agree as well. We also agree that although the appeal is moot, this Court should reach the merits because the public interest exception to mootness doctrine applies. So, unless this Court has any further questions about jurisdiction, I'll move to the merits. The Circuit Court here correctly held that defendant was not eligible to apply good conduct credit to reduce his 30-day jail sanction. The County Jail Good Behavior Allowance Act, which I'll refer to just as the Act, does not entitle a defendant serving a pretrial jail sanction to a good behavior allowance to reduce the term of that same sanction. The Good Behavior Act provides, quote, the good behavior of any person who commences a sentence of confinement in a county jail for a fixed term of imprisonment shall entitle such person to a good behavior allowance. The Act then defines good behavior allowance to mean the number of days awarded in diminution of sentence as a reward for good behavior. So, a person who commences a sentence in jail can reduce that sentence with days awarded for good behavior in jail. So, really the question boils down to, is a pretrial jail sanction the same as a sentence within the Act's meaning? And we believe the answer is no. A sanction is not a sentence within the meaning of the Act. So, a defendant serving a pretrial jail sanction cannot reduce the term of that sanction with good credit, good conduct credit. And that's the case for three primary reasons. First, the plain and ordinary meaning of the term sentence is not the same and is not interchangeable with the term sanction by that term's plain and ordinary meaning. Second, the Act itself distinguishes between detention in jail pursuant to a sentence for an offense and detention in jail for failing to comply with conditions of pretrial release. And third and finally, a sanction order is not synonymous with a sentence imposed for criminal contempt. Counsel, is there any language in the statute that specifically excludes credit for a sanction? Is there any mention of a sanction at all in the statute? And does it say you can't get credit for a sanction? The statute does not exclude sanction, but the statute, the Act doesn't apply to a sanction to start with. Now, there are provisions in the Act that excludes other situations, right? Yes. Okay. Yes, however, those other situations make clear that the sentence that is imposed and the sentence that good credit, good conduct credit would be excluded from applying, that also happens after a conviction, that although it's not explicitly stated in the Act. But the Act does state that a sentence, excuse me, the Act does not define a sentence, but by the plain and ordinary meaning, a sentence refers to the judgment that a court formally pronounces after finding a criminal defendant guilty of a charged criminal act. The Act doesn't define that, but that meaning holds true across Illinois compiled statutes, across this court's case law, and within Black's Law Dictionary. It all means the same thing. For example, 730 ILCS 5-5-1-19 defines a sentence as the disposition imposed by a court on a convicted defendant. And a pretrial detainee has not yet been convicted of the charged criminal act. He has only committed a non-criminal violation of the court's order imposing conditions of release. So my friend on the other side has not provided any alternative definition of the term sentence that conflicts with the common and ordinary meaning. In fact, my friend defines a sentence as a punishment imposed on a criminal wrongdoer. And again, one serving a pretrial sanction is not necessarily yet a criminal wrongdoer. He's not yet been convicted. By contrast, the meaning of the word sanction is broader. Sanction means a penalty or coercive measure that results from failure to comply with a law, rule, or order. And it's often imposed in situations that involve non-criminal violations of a court's rule or order. For example, a court might impose a discovery sanction on a party for violating a discovery order. Or a court might impose a sanction on an attorney for violating the rules of professional ethics. But it would not make sense to call these consequences sentences by that term's plain and ordinary meaning. Might I ask you to comment on the statute itself, the good times statute. It talks about sentence and then it has exceptions to the rule that in general sentences in a county jail would be given day for day credit. But there are certain exceptions. The last one being, where a good time would not be available, is where an individual is sentenced under an order of court for civil contempt. What do we do with that language? The order for civil contempt is a little bit strange in this context because typically when a court imposes jail as a consequence for an order of civil contempt, there isn't a fixed term either because typically that person, so to speak, has the keys to their own release by simply complying with the court's order. It's different from, say, indirect criminal contempt, where a fixed term of imprisonment. However, civil and criminal contempt don't really come in here because in substance and in process, a pretrial jail sanction that proceeds under the pretrial procedures in Article 110 just simply isn't the same. But undoubtedly civil contempt and a violation of the Pretrial Fairness Act are two different ideas. Yes. You understand? But what do we do with the language of the good time statute? It specifically says that individuals sentenced, and that's the operative order, sentenced under an order of court for civil contempt. It seems to suggest that a time in the county jail based upon a violation of a court order is a sentence. When someone is sentenced for contempt and typically, again, the fixed term would be under indirect criminal, it's not equivalent to the pretrial jail sanction because a sentence for criminal contempt, really is treated like an ordinary criminal proceeding. The pretrial sanctions, however, are only imposed after very limited proceedings where the full panoply of criminal protections do not apply. So again, although the Act gives an exception to sentences imposed for civil contempt, we would contend that a sanction imposed for violating a condition of pretrial release simply isn't a sentence either when compared with civil or criminal contempt. The tricky part of this is the language that we're talking about here, sentence under an order of court for civil contempt, is part of the statute that is an exception. It seems to say that if an individual is sentenced under an order of court for civil contempt, they don't get day for day good time. Right? That's right. But you're saying that's not similar to what's happening here. No, that's right. It's simply a defendant is not being sentenced at all. A defendant is receiving a jail sanction. And the Act, or excuse me, the pretrial procedures give lists of other examples of consequences for violating conditions of pretrial release. The Article 110-6F also provides that other appropriate sanctions might be a verbal or written admonishment from the court. That's not typically understood to be a sentence. It would be strange to say someone is sentenced to a verbal admonishment. It also provides the possibility of modification of conditions of pretrial release. That's also not really considered a sentence. So within that same list, the jail sanction, likewise, is a sanction but not a sentence. Someone is not sentenced to spend 30 days in jail. However, someone is sanctioned here to spend 30 days in jail. We also know that the Act itself differentiates very explicitly between the time somebody accrues good conduct credit pursuant to a sentence and the time someone accrues good conduct credit for serving time in jail for failure to comply with conditions of pretrial release. So they are two separate situations that the Act recognizes. A person earns one day of good conduct credit for, first, each day of service of sentence in the county jail, and second and separately, for each day of incarceration in the county jail before sentencing for the offense that he or she is currently serving sentence but was unable to comply with the conditions of pretrial release. In other words, one day of good conduct credit for each day of pretrial detention that the General Assembly intended to then apply against a later imposed sentence of imprisonment in jail following conviction and sentencing. So the General Assembly did differentiate between those two situations. And if my friend's reading of the Act were correct, then there would be no need to differentiate between those two different situations. In other words, if sentence implicitly encompassed a pretrial jail sanction, then it would be redundant to explain that credit would also accrue during pretrial detention in jail when a defendant was unable to comply with conditions of release. It would simply stop after saying each day of service of sentence in the county jail. Sentence would implicitly encompass both, right? But the General Assembly made sure to explain that there's a separate situation that good conduct credit can accrue to then apply against the later imposed sentence. So we believe that that is the best plain reading of the Act's language and how to treat, how the General Assembly intended that pretrial detention would be treated under the Act. So we do believe that when the Act uses the term sentence, it means what it says, and it does not mean a sanction, the broader category of consequences for violating conditions of pretrial release. So if this court has no further questions, I'll reserve the remainder of my time for rebuttal. Thank you very much. Counsel for the appellate. May it please the court, my name is Sam Steinberg and I represent Jeffrey Seymour. I would like to start off by clarifying that prior to 2023, when a court imposed a sanction of a jail term for violating a court order, that the resulting sanction, resulting sentence was subject to Good Behavior Act because it was not one of these six express exceptions. We are asking that this court affirm the appellate court's judgment by making two clear holdings. The first is that there is appellate court jurisdiction and the government does not dispute that. They have conceded that this is a final judgment. The second is that because this sanction, the jail term, for violating a court order, which is similar to criminal contempt, that is subject to the Good Behavior Act. Is it criminal contempt or civil contempt? The Act refers to civil contempt, correct? Yeah, the Act expressly excludes civil contempt. And we know that the legislature would never include any superfluous language. But according to case law such as Keating and Russell, those are indirect cases, those are from the early 90s. Those cases held that in the context of criminal contempt, the Good Behavior Act applied to the jail term sanction. And when a court imposes a jail term for violating a court order, that is very similar to contempt. The state argues, the government argues that, oh, because the person, the defendant, does not receive the full penalty, sorry, I'm not used to that word, of protections, that these are not similar. These are exactly similar. You have a court order by court. You have a notice of a violation. You have a hearing. You have a hearing with counsel. Yes, there is a difference between the clear and convincing evidence and reasonable doubt standards. That's an issue probably for another day before this court. And then you have a finding that will stay on the judge's record. Justice Holder-White and Justice Tice, your honors, both have questions about whether part of the six exceptions here, it is not. And when my client was sentenced to jail, that jail cell, those look the same, whether it was a quote unquote sanction or a quote unquote sentence. I'm wondering, are we getting hung up on the definition of sanction versus sentence, and we don't really need to? And thinking about when I was at the circuit court level, whenever you were sending someone to the jail, the process was you're going to provide a minimus for them to take the person to jail. So is there any difference here as far as when someone is sanctioned? Is there any difference in the process that they go through to actually go to the jail and serve their sentence? Not to my knowledge, and the appellate court called it a distinction without difference. And there is a court order sending the defendant to jail, just like there would be in an indirect criminal contempt proceeding, just like there was in Collins and Heating. In general, the definition of sentence can also be for a violation of a court rule or a court order. So the state's argument that there's a difference, we respectfully disagree, and it would lead to absurd results and unfairness. The state, in their reply brief, did not address the fact that you could be sentenced for similar criminal conduct and receive good time by someone who's sentenced, who's imposed for violating a GPS order, might not be. So you could have two differences. Obviously, we're concerned about what was the legislator's intent. So could you make sure I understand the distinction you're drawing there? The distinction between... The GPS violation is treated somehow differently? Yeah, it was a violation of a court order, and it's treated differently than other violations of court order or other criminal offenses. While you could be, say, if you get sentenced for trespass, that could be subject to good time credit and reduced. Maybe I just don't understand. The violation of a GPS, is that a separate offense? In this context, it's a violation of a court order, yeah. But it's not a separate offense? No. It's treated the same as failure to appear? Yes, for purposes of sanctions. So, counsel, if a judge wants someone to actually do 30 days in jail for a sanction, is that possible under your position? I mean, can a judge say, I'm sentencing you to 60 days, and you get credit day for day, and so it'll get to 30 days? Or are we now at a point, based on your position, that the most a person can serve for a sanction is 15 days? The person can still serve 30 days. They just have to... If they do it with good time, of course, they get it reduced. And the jail, if they want to revoke good time at the sheriff's department, they can institute those processes and expedited proceedings to do that. So if the judge orders good time, I mean, if the judge orders 30 days, it is subject to good time, just like if the judge ordered 30 days for criminal contempt. Can the judge order 60 days with good time? No. Not under the statute. So if someone is released pursuant to the statute, and they repeatedly fail to appear, the only remedy the court has is a 15-day sentence? No. The only remedy the court has is to say to the person, if you keep failing to come to court, you get arrested, you're brought back in, the most time you're ever going to serve is 15 days, and that's to hammer over the person's head to make sure they comply with the order. Is that what you're saying? No. The judge is ordering 30 days, and in jail, if they do good behavior, it is 15 days. And the point of the Good Behavior Act is to encourage good behavior in prison. As this court said in Dorsey, or in jail, the defendant's behavior or a person's behavior while incarcerated can help be improved or, you know, when they get out. And here we have a defendant who, or any person who might be in post-sentence, you want incentive to comply with jail rules. Jails are crowded places, and they're dangerous. You want to encourage positive incentive. That's why the legislature created the Good Behavior Act. And if the legislature meant to exclude criminal contempt, if they meant to exclude sanctions, they would have expressly said that. Under the rules of statutory interpretation, a court will not read exceptions, limitations, or create new law. The state's trying to create new law here. They're trying to add a seventh exception to the Behavior Act that does not exist. The Pretrial Fairness Act, while it mentions sanctions, it does not say sanctions is not a sentence. This functions like a sentence. This walks, talks, and quacks like a sentence. This was a duck. So, in essence, this functions the same way. Counsel, we've got, as you know, students here, so one other thing I want to address with you. So, even though you're saying you can only get 15 days as long as you behave yourself the most, the sanction can be as 15 days, but there's also another mechanism the judge has in his or her toolkit, so to speak, and that's trial and absentia, correct? Yeah, there's trial and absentia, and courts can move up trial dates. The court can push the trial to move stuff forward, can move up the discovery process or set better deadlines. I think there's a case last term that's currently being decided where the counsel discussed a variety of methods. So, if a person fails to appear, and when they did appear, they were admonished that, hey, if you don't appear, you're going to give up your right to be present for your trial, and we're going to try you in your absence, and you're not going to be able to confront the witnesses against you. That's what trial and absentia is. Yes, yeah, trial, yeah. And that's what you'd rather have for your clients, is a quick trial and absentia if they fail to appear? No, but that is one of the trial management techniques. I'm here to argue on behalf of Mr. Seymour that he was entitled to good time credit, immediate application of good time credit, and there are a variety of trial management ways that courts can ensure that defendants comply with terms of pretrial release. But your argument is basically this, that this sanction is akin to criminal contempt of sentence, so it should be treated the same. Yes, and the state has this line, that's government, that says some sanction. It's hard for me to repeat this, but some sanctions are sentences, but not all sentences are sanction. I know at the end of the day that this 30-day jail term, when you order a person to jail for violating a court order, for violating a court rule, that is a sentence. The jail does not look any different from inside. And the fact that you could be sentenced for other offenses and not receive good time credit wouldn't make sense. The legislature would not intend that result. Could you help me go back? Say this is akin to criminal contempt. Yes. How is it related to civil contempt? Isn't civil contempt the same idea of a violation of a court order? Civil contempt is usually for a discovery violation or hiding assets, and it's something that you can correct and remedy. It's not always for a fixed term, Your Honor. And the legislature recognized this difference, and they recognized that the Good Behavior Act may be applied to that, and they decided to create an exception. Because the legislature has not created an exception for this 30-day jail term for violating a court order, we ask that you, if there are no further questions, affirm the appellate court's judgment. I have a question. Are you suggesting that because there's a difference between how civil contempt and criminal contempt should be treated for purposes of your argument because one has a fixed term and one does not? No. I'm saying because the legislature has decided or used its plain language to impose an exception. You made a distinction about a fixed term. What's the point of that distinction? The legislature recognized that there was a difference between civil and criminal contempt, and the legislature, the General Assembly, has decided to impose an express exception. Here, the legislature has chosen not to include such an exemption for criminal contempt, and the legislature has chosen not to include an express exception for good behavior. And any ambiguity in the statute is generally interpreted in favor of the accused, in this case, a person serving a 30-day jail term. Again, because the legislature has not decided to impose an express exception, this court should decline the state's attempt to rewrite the statute and affirm the appellate court's judgment. Thank you. Thank you very much. Counsel in reply. Thank you, Your Honors. Just a few points to respond to my friend's argument. To begin with, as Justice Holder-White pointed out, the legislature clearly intended for circuit courts to have at their disposal the possibility of imposing a full 30 days in jail as a sanction for serious violations of pretrial release that do not rise to the level that would allow a circuit court to revoke pretrial release entirely. So it does not fit with the plain reading of the amendments to the pretrial proceedings. To understand that when the legislature said 30, it really meant 15 would be the max. How does that differ from any sentence? Let's say just a random Class A misdemeanor, punishable by 365 in a county jail. If a judge imposes a year, and that sentence is eligible under the Good Conduct Act, does the judge have any authority to limit the imposition of that credit by the sheriff or by the authorities in the county jail? Typically, no. If an express exception did not apply, there would not be discretion. So why should this be any different? In this case, the General Assembly had it wanted to. It could have amended, and in fact did amend, the Good Behavior Act to reflect changes in pretrial proceedings. And yet it did not clarify that a pretrial jail sanction would be allowed to accrue good time credit against that same sanction. Rather, it distinguished the ability to continue to earn good conduct credit that might then be applied toward a later imposed sentence of conviction in the county jail. So it simply did not make that choice to make clear that the Good Behavior Act would apply against a jail sanction as well. But in sentencing, once the court has gone through the full criminal procedure and convicted a defendant of a criminal offense, that's when the Good Behavior Act kicks in. That's when the sentence for an offense is imposed and the act begins to apply to start with. I also wanted to address this question of whether a pretrial jail sanction is equivalent to a sentence for criminal contempt. And while, yes, they both involve the violation of a court order, it's clear and emphasized in U.S. Supreme Court case law that criminal contempt is a crime in the ordinary sense. It is the same in process and substance as being charged and convicted of a criminal offense. However, there is an important difference here that when a court sentences a criminal contemnor, that court is not confined by the legislature. So the legislature does not oversee the court's exercise of its judicial authority to administer a sanction, or excuse me, to administer a sentence for criminal contempt. The courts are only restrained by the Constitution to not impose a sentence that is manifestly disproportionate to the nature of the offense. So that also, that legislative oversight here in the pretrial context is very explicit and important in guiding circuit courts' pretrial procedures. So while there is a hearing, there is notice and the opportunity to be heard, there is still a difference in that these are limited proceedings, only decided under the clear and convincing evidence standard, and the limited range of available sanctions further distinguishes this type of proceeding from criminal contempt. The court's only options in the limited context of pretrial procedures is a verbal or written admonishment, quite a bit less serious, the modification of pretrial release conditions, or the absolute maximum would be 30-day sanction in jail. And that's it. So the legislature has very clearly specified that it can only exercise its authority in the pretrial context to enforce its orders by those limited mechanisms. That's quite different from the criminal contempt world where somebody has been convicted of committing an offense against the court's authority and could be sentenced to many years in prison and would require a full jury trial and full criminal protections for that entire collateral proceeding. And simply, again, because the consequences of a pretrial jail sanction happen to overlap, somebody might serve a sanction in jail, somebody might serve a sentence in jail, does not mean that those categories are completely synonymous. They are not simply interchangeable. The subset of a sentence is a type of sanction, but a sanction is much broader. So it's a mistake to assume that it's a distinction without a difference because one reaches the consequence of a pretrial jail sanction through a different procedure and it's a different type of substantive ruling than is an order imposing a sentence in jail for criminal contempt. And if there are no further questions, we would respectfully ask this court to reverse the appellate court's judgment and affirm the ruling of the circuit court. Thank you. Thank you very much. This case, Agenda No. 1, No. 131564, People of the State of Illinois v. Jeffrey Seymour, will be taken under advisement. Thank you both for your arguments.